NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID B. PLATT,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2023-2065

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-14-0790-W-2.

---

Decided:  June 10, 2025

---

SERENA KURTZ, Kubicki Draper, Tampa, FL, for petitioner.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before TARANTO, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

David B. Platt petitions for review of a final order of the Merit Systems Protection Board ("Board") affirming a denial of his individual right of action ("IRA") claim alleging whistleblower retaliation. *See Platt v. DHS*, No. AT-1221-14-0790-W-2 (M.S.P.B. Apr. 17, 2023) (J.A. 24-43) ("*Decision*").  For the following reasons, we affirm.

I

Mr. Platt is a Transportation Security Specialist – Explosives ("TSSE") for the Transportation Security Agency ("TSA").  J.A. 26.  On December 21, 2011, Mr. Platt made what both parties agree was a protected disclosure to the Department of Homeland Security's Office of Inspector General ("OIG").  J.A. 27.  Specifically, Mr. Platt told the OIG that on January 6, 2009, Keith Jeffries, an Assistant Federal Security Director – Screening ("AFSD-S"), allowed a Department of Defense ("DOD") contractor to transport an inert Improvised Explosive Device ("IED") in the cargo hold of a passenger aircraft.  J.A. 27, 475.  Mr. Platt's IRA alleges that the TSA took several retaliatory actions by (i) failing to provide him with a mid-year performance rating in April 2014, (ii) suspending him in 2014 for seven days for causing an unprovoked confrontation with a coworker and for failing to report violations of TSA policy, and (iii) suspending him in 2013 for seven days for inappropriate and disruptive behavior.  J.A. 26-27.

In the initial decision denying Mr. Platt's request for corrective action, an administrative judge ("AJ") determined that Mr. Platt's 2011 protected disclosure was not a contributing factor in either the agency's failure to provide him a mid-year performance rating in April 2014 or its decision to suspend him that same year, as those personnel actions occurred 2 ½ years after the disclosure.  J.A. 9-10, 27.  While the disclosure was a contributing factor in the agency's decision to suspend Mr. Platt in 2013, the AJ concluded the agency proved by clear and convincing evidence

that it would have made the same decision even absent the protected disclosure. J.A. 11-16, 28. Mr. Platt appealed to the Board, which affirmed. J.A. 27-28, 37.

Mr. Platt then filed this timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

We must affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

## III

Mr. Platt argues that the Board erred in affirming the AJ due to errors of both fact and law. We disagree.

## A

Mr. Platt contends the Board made multiple fact-related errors in the course of assessing whether TSA had proven, by the required clear and convincing evidence, that it would have suspended him for seven days in 2013 even if he had not made a protected disclosure. Open Br. at 13–28. "Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. It is a higher standard than 'preponderance of the evidence' . . . ." 5 C.F.R. § 1209.4(e). The analysis here concerns the Board's assessment of the factors laid out in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999):

> (1) the strength of the agency's evidence in support of its personnel action;

(2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and

(3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.

The Board found that all three factors favor TSA. J.A. 34-35. Substantial evidence supports these findings.

Mr. Platt raises no challenge to the Board's finding on the first *Carr* factor. Regarding the second factor, Mr. Platt contends that the Board erred in determining that Acting Federal Security Director ("FSD") Joseph Samuels, rather than AFSD-S Jeffries, was the official who approved the placement of the inert IED on a passenger aircraft in 2009. Open. Br. at 34-36. According to Mr. Platt, had the Board found that AFSD-S Jeffries approved the placement of the IED factor two would have favored him, because this would provide evidence that AFSD-S Jeffries had a retaliatory motive against him. Open. Br. at 34, 36. However, the unrebutted testimony of two witnesses was that FSD Samuels was the highest-ranking TSA official present and that he was the one who made the decision to allow the IED on the plane. J.A. 10, 27-30, 220-22, 266-70, 383. Mr. Platt asserts the Board ignored an incident report, which stated that "the [device] was 'allowed to continue per AFSD-S [Jeffries].'" Open Br. at 19 (discussing J.A. 29-30). Contrary to Mr. Platt's suggestion, the Board did consider the report–but credited the report's author, who explained that he only referenced AFSD-S Jeffries because AFSD-S Jeffries is the author's supervisor. J.A. 29-30.

Mr. Platt makes numerous other arguments relating to the second *Carr* factor. *See* Open. Br. at 19-23. They amount to nothing more than a request that we re-weigh the evidence, which we cannot do. *See Jones v. Dep't of Health & Hum. Servs.*, 834 F.3d 1361, 1369 (Fed. Cir. 2016) (stating that "we do[ ]not reweigh evidence" when applying

the substantial evidence standard on appeal) (internal citation and quotation marks omitted)).

As to *Carr* factor three, Mr. Platt claims that the Board failed to consider evidence that he was treated differently than other employees who did not make protected disclosures. Open. Br. at 16-28. But the record reveals that the Board did consider, and ultimately rejected, Mr. Platt's evidence, finding it "does not show that the agency treated a nonwhistleblower more leniently than the appellant." J.A. 36. This determination was reached after the Board considered the testimony of several witnesses. *See, e.g.*, J.A. 35-37, 230-32, 285, 293-94, 306-09, 500, 530, 536, 546. The Board reasoned that any potential differences in discipline experienced by Mr. Platt were the consequence of his prior disciplinary record, not his protected disclosure. J.A. 36-37.

Mr. Platt has failed to show that the Board committed any factual error.

### B

Mr. Platt further contends the Board made errors of law. Open. Br. at 28-34. First, Mr. Platt argues the Board improperly "conclud[ed] that an employee must prove that the proposing or deciding officials were directly impacted by a whistleblower's disclosure in order to prove that these managers had retaliatory motive." Open. Br. at 29. The Board made no such legal conclusion, instead recognizing, correctly, that "those responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, as the criticism may reflect on them in their capacities as managers and employees." J.A. 34. It then made a factual determination, based on its review of the record, that "any motive to retaliate on the part of these officials was minimal" in Mr. Platt's case. *Id.*

Second, Mr. Platt contends that the Board erred by failing to give weight to his *prima facie* showing that his 2009 disclosure was a contributing factor to his 2013 suspension. Open. Br. at 32-34. However, the Board properly followed the burden-shifting framework required for evaluating Mr. Platt's IRA claim. That is, after finding Mr. Platt had made out a *prima facie* case, it shifted the burden to TSA to show, by clear and convincing evidence, that it would have taken the same action even absent Mr. Platt's disclosure, and then found that TSA had met its burden. J.A. 11; *see also* 5 U.S.C. § 1221(e) (codifying burden shifting framework). The Board committed no legal error.

## IV

Mr. Platt additionally argues that the Board erred by supplementing the AJ's Initial Decision with further factual findings. Open. Br. at 38. We have held that "[t]he general rule is that the Board is free to substitute its judgment for that of one of its administrative judges" but that it may not "overturn an administrative judge's demeanor-based credibility findings merely because it disagrees with those findings." *Leatherbury v. Dep't of the Army*, 524 F.3d 1293, 1304 (Fed. Cir. 2008) (citations omitted). Here, the Board did not overturn any credibility findings by the AJ. Therefore, the Board acted within its authority to "affirm, reverse, modify, or vacate the initial decision of the judge." 5 C.F.R. § 1201.117(b).

## V

We have considered Mr. Platt's remaining arguments and find them to be without merit. For the foregoing reasons, we affirm the Board.

**AFFIRMED**

COSTS

No costs.